**AFFIRM; and Opinion Filed February 25, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-14-00212-CR
No. 05-14-00213-CR

**JOE POLANCO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 401-81063-2011, 401-80435-2012**

## MEMORANDUM OPINION

Before Justices Bridges, Fillmore, and Brown
Opinion by Justice Fillmore

Joe Polanco appeals from his convictions for assault and insurance fraud. In a single issue, Polanco contends he received ineffective assistance of counsel. We affirm the trial court's judgments.

In cause no. 05-14-00212-CR, Polanco was indicted for aggravated assault with a deadly weapon. Polanco waived a jury and pleaded guilty to the lesser-included offense of assault causing bodily injury. *See* TEX. PENAL CODE ANN. § 22.01(a)(1) (West Supp. 2014). Pursuant to a plea agreement, the trial court deferred adjudicating guilt, placed Polanco on community supervision for two years, and assessed a $750 fine.

In cause no. 05-14-00213-CR, Polanco waived a jury and pleaded guilty to insurance fraud. *See* TEX. PENAL CODE ANN. § 35.02(a), (c)(4) (West 2011). Pursuant to a plea agreement, the trial court assessed punishment at two years' confinement in state jail, probated for two years, and a $500 fine.

The State later filed a petition to adjudicate and a motion to revoke, alleging Polanco violated fourteen conditions of his community supervision. In a hearing on the motions, the State abandoned three of the allegations, and Polanco pleaded true to the remaining eleven allegations. The trial court found the allegations true, adjudicated Polanco guilty of assault, and revoked Polanco's community supervision in the insurance fraud case. The trial court assessed punishment at one year's confinement in the county jail on the assault conviction and two years' confinement in state jail on the insurance fraud conviction.

Polanco contends he did not receive effective assistance of counsel at the adjudication/revocation hearing because counsel failed to investigate the charges against him, and counsel failed to fully prepare for the hearing. Polanco asserts that had counsel prepared appropriately, he would have received a positive outcome. The State responds that Polanco has offered no evidence that trial counsel was ineffective, nor has Polanco rebutted the presumption of sound trial strategy.

To prevail on a claim of ineffective assistance of counsel, Polanco must show that counsel's representation fell below an objective standard of reasonableness and there is a reasonable probability the results of the proceedings would have been different in the absence of counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984); *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Polanco has the burden of proving ineffective assistance of counsel by a preponderance of the evidence. *Thompson v. State*, 9 S.W.3d 808, 813

(Tex. Crim. App. 1999).  Failure to make the required showing of either deficient performance or sufficient prejudice defeats an ineffective assistance claim.  *See Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005).

An ineffective assistance claim must be "firmly founded in the record," and the record must affirmatively demonstrate the claim has merit.  *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012); *Goodspeed v. State*, 187 S.W.3d 391, 392 (Tex. Crim. App. 2005).  In most cases, a silent record that provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance.  *See Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003).  Direct appeal is usually an inadequate vehicle for raising an ineffective assistance claim because the record is generally undeveloped.  *Menefield*, 363 S.W.3d at 592–93.  Counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective. *Id.* at 593.

Although Polanco filed a motion for new trial in each case, he did not assert his counsel had been ineffective.  Accordingly, trial counsel did not have an opportunity to explain himself in the trial court and we cannot determine from this record why he conducted Polanco's defense the way he did.  *See Menefield*, 363 S.W.3d at 593; *Goodspeed*, 187 S.W.3d at 392.  Because there is no evidence in the record concerning trial counsel's actions, Polanco has not overcome the strong presumption of reasonable assistance and has not established trial counsel's conduct was so outrageous that no competent attorney would have engaged in it.  *See Rylander*, 101 S.W.3d at 110–11.

Further, on this record, Polanco has failed to establish he was prejudiced by the alleged error.  Trial counsel called two witnesses to testify on Polanco's behalf, and during his closing arguments, counsel advocated that the trial court allow Polanco to start his probationary period over.  Nothing in the record supports Polanco's position that counsel did not prepare for the

adjudication/revocation hearing. We conclude Polanco has not met his burden of proving by a preponderance of the evidence that counsel was ineffective. *See Freeman v. State*, 125 S.W.3d 505, 506–07 (Tex. Crim. App. 2003); *Thompson*, 9 S.W.3d at 813. We overrule Polanco's sole issue.

We affirm the trial court's judgments.

/Robert M. Fillmore/

ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

140212F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOE POLANCO, Appellant

No. 05-14-00212-CR    V.

THE STATE OF TEXAS, Appellee

Appeal from the  401st Judicial District
Court of Collin County, Texas (Tr.Ct.No.
401-81063-2011).
Opinion delivered by Justice Fillmore,
Justices Bridges and Brown participating.

Based on the Court's opinion of this date, the trial court's judgment adjudicating guilt is **AFFIRMED**.

Judgment entered February 25, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

**JUDGMENT**

JOE POLANCO, Appellant

No. 05-14-00213-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 401st Judicial District Court of Collin County, Texas (Tr.Ct.No. 401-80435-2012).
Opinion delivered by Justice Fillmore, Justices Bridges and Brown participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered February 25, 2015.